UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPITAL PARTNERS FUNDING, LLC,<br><br>                              Plaintiff,<br>vs.<br><br>BMG LOGISTICS, INC., et al.,<br><br>                              Defendants. | CASE NO. 13-CV-2972 W (RBB)<br><br>**SUPPLEMENTAL ORDER RE. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

On March 17, 2014, Plaintiff Capital Partners Funding, LLC filed a motion for default judgment. On May 20, 2014, this Court entered an order granting the motion as to Capital's request for default judgment as to (1) BMI with respect to the causes of action for breach of the Factoring Agreement, breach of the covenant of good faith and fair dealing, intentional misrepresentation, negligent misrepresentation, accounts stated, and unfair competition; and (2) Brianna Goodwin with respect to the second cause of action for breach of the Guaranty Agreement. (*See Default Judgement Order* [Doc. 10], 11:16–23.) The order denied the motion in all other respects, including the request for damages, prejudgement interest and attorneys' fees on the ground that

Capital had not provided sufficient evidence establishing its damage claims. (*Id.*, 6:11–8:2.) However, the order granted Capital leave to file a supplemental brief in support of its claimed damages, pre-judgment interest, and attorneys' fees and costs. (*Id.*, 11:25–12:2.)

Capital has now filed its supplemental brief, along with additional evidence in support of its damage claims.

## I. BACKGROUND

The following facts are taken from this Court's Default Judgment Order.

Plaintiff Capital Partners Funding, LLC ("Capital"), is a factoring provider. (*Compl.* [Doc. 1] ¶ 11.) Factoring is a financial transaction whereby a business sells its accounts receivables to a third party, such as Capital, in exchange for cash. (*Id.*) The third party then collects the money owed (i.e., the account receivable) from the customer. (*Id.*)

On or about November 18, 2011, Capital entered into the Factoring Master Agreement (the "Agreement") with BMG Logistics, Inc. ("BMG") (*Compl.* Ex. A.) On the same day, Defendant Brianna Goodwin, BMG's president, executed a Continuing Guaranty and Security Agreement (the "Guaranty"). (*Id.* ¶ 5, Ex. B.)

Under the Agreement, Capital agreed to purchase BMG's accounts receivables. (*Compl.* ¶ 12.) Section 4, however, gives Capital the right to require that BMG "repurchase, by payment of the unpaid Face Amount thereof, together with any unpaid fees relating to the Purchased Account, on demand, or at the Purchaser's option, by Purchaser's charge to the Reserve Account." (*Id.* ¶ 14, Ex. A at ¶ 4.1.) Additionally, section 16 further requires BMG to reimburse Capital for the actual amount of costs and expenses incurred in connection with the enforcement of the Agreement. (*Id.* ¶ 16, Ex. A at ¶ 16.1.) Under the Guaranty, Defendant Brianna Goodwin personally guaranteed BMG's prompt payment of any and all indebtedness arising under the Agreement. (*Id.* ¶ 19, Ex. B at ¶ 2.1.)

1  Shortly after entering the Agreement, Capital purchased accounts receivables
2  from BMG.  (*Compl.* ¶ 12.)  Several of the accounts became delinquent because they
3  remained unpaid past the late payment date specified in the Agreement.  (*Id.* ¶ 13.)
4  Capital alleges the delinquent accounts totaled $42,080.00 (the "Repurchase Price").
5  (*Id.*)  Additionally, as of January 9, 2013, BMG allegedly incurred service charges and
6  fees of $58,780.42 (the "Accrued Fees").  (*Id.* ¶ 14.)  Despite Capital's repeated
7  attempts to collect from BMG the Repurchase Price and Accrued Fees, BMG failed to
8  repurchase any delinquent accounts.  (*Id.* ¶ 15.)

9  On December 11, 2013, Capital filed this lawsuit.  The Complaint asserts seven
10 causes of action for: (1) breach of the Agreement; (2) breach of the Guaranty;
11 (3) breach of the covenant of good faith and fair dealing; (4) intentional
12 misrepresentation; (5) negligent misrepresentation; (6) accounts stated; and (7) Unfair
13 Competition under California Business & Professions Code §§ 17200, *et seq.*

14 On January 7, 2014, Defendants Joe Goodwin, Brianna Goodwin and BMG were
15 served with the Summons and Complaint.  (*See Summons* [Docs. 4–6].)  Despite being
16 served, Defendants did not respond to the Complaint or otherwise appear in this action.
17 Accordingly, on February 13, 2014, Capital filed a request for default, which was
18 entered on February 14, 2014.  (*See Entry of Default* [Doc. 8].)

19 As stated above, on May 20, 2014, this Court issued the Default Judgement
20 Order, which granted in part and denied in part Capital's motion, and allowed Capital
21 leave to file a supplemental brief and evidence supporting its damage claims.  On June
22 10, 2014, Capital filed its supplemental brief and evidence.

23

24 **II.    STANDARD.**

25 Rule 55(b)(2) of the Federal Rules of Civil Procedure governs applications to the
26 court for default judgment.  See Fed. R. Civ. P. 55(b)(2).  Default judgment is available
27 as long as the plaintiff establishes (1) defendant has been served with the summons and
28 complaint and default was entered for their failure to appear; (2) defendant is neither

1   a minor nor an incompetent person; (3) defendant is not in military service or not
2   otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if defendant
3   has appeared in the action, that defendant was provided with notice of the application
4   for default judgment at least seven days prior to the hearing. See, e.g., Fed. R. Civ. P.
5   55; Twentieth Century Fox Film Corp. v. Streeter, 438 F. Supp. 2d 1065, 1070 (D.
6   Ariz. 2006).

7   Entry of default judgment is within the trial court's discretion. See Taylor Made
8   Golf Co. v. Carsten Sports, Ltd., 175 F.R.D. 658, 660 (S.D. Cal. 1997) (Brewster, J.)
9   (citing Lau Ah Yew v. Dulles, 236 F.2d 415, 416 (9th Cir. 1956)).  In making this
10  determination, the court considers the following factors: (1) the possibility of prejudice
11  to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the
12  complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute
13  concerning the material facts, (6) whether the default was due to excusable neglect,
14  and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring
15  decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

16  Upon entry of default, the factual allegations in plaintiff's complaint, except those
17  relating to damages, are deemed admitted. E.g., Televideo Sys., Inc. v. Heidenthal, 826
18  F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Grp., 559 F.2d 557,
19  560 (9th Cir. 1977)). Where the amount of damages claimed is a liquidated sum or
20  capable of mathematical calculation, the court may enter a default judgment without
21  a hearing. Davis v. Fendler, 650 F.2d 1154, 1161 (9th Cir. 1981). When it is necessary
22  for the plaintiff to prove unliquidated or punitive damages, the court may require
23  plaintiff to file declarations or affidavits providing evidence for damages in lieu of a full
24  evidentiary hearing. Transportes Aereos De Angola v. Jet Traders Invest. Corp., 624
25  F.Supp. 264, 266 (D. Del. 1985).
26  //
27  //
28

### III. DISCUSSION

This Court's Default Judgement Order has already found that a default judgment is appropriate as to (1) Defendant BMI with respect to the causes of action for breach of the Factoring Agreement, breach of the covenant of good faith and fair dealing, intentional misrepresentation, negligent misrepresentation, accounts stated, and unfair competition; and (2) Defendant Brianna Goodwin with respect to the second cause of action for breach of the Guaranty Agreement. (*See Default Judgement Order*, 11:16–23.) The sole issue remaining is Capital's damages.

Capital seeks $193,597.38 in damages as a result of the breach of the Agreement and Guaranty. (*P&A* [Doc. 9] 9:27.) This damages figure consists of the following: (1) the Repurchase Price of $42,080; (2) the Accrued Fees of $58,780.42; (3) $65,893.99 in pre-judgment interest; and $21,163.11 in attorneys' fees and costs incurred in enforcing the Agreement. (*Id.* 9:5–26.)

In order to prove-up the Repurchase Price and Accrued Fees, Capital relies on the supplemental declaration of Juan Estrada. (*Supp. Brief* [Doc. 11],1:15–2:21 citing *Estrada Supp. Dec.* [Doc. 11-1].) Mr. Estrada is the Senior Vice President of Operations at Capital. (*Estrada Supp. Dec.*, ¶ 1.) In his supplemental declaration, Mr. Estrada explains how the Factoring Agreement operates, including the calculation of expenses and interest, and explains how the attached BMG Client Activity Statement supports the Repurchase Price and Accrued Fees. (*See id.*, Ex. A.) Accordingly, the Court finds that Mr. Estrada's supplemental declaration, along with the attached activity statement, supports the Repurchase Price, Accrued Fees and pre-judgement-interest components of Capital's claimed damages.

In support of the attorneys' fees and costs, Capital relies on the supplemental declaration of Norma Garcia. (*Supp. Brief*, 2:24–3:3, citing *Garcia Supp. Dec.* [Doc. 11-4].) Ms. Garcia is the attorney in charge of representing Capital. (*Garcia Supp. Dec.*, ¶ 1.) In support of the claimed attorneys' fees and costs, Ms. Garcia has submitted a breakdown of the time spent on this matter by each billing attorney, with their

respective billing rates. (*Id.*, ¶ 3, Ex. C [Doc. 11-5].) Additionally, Ms. Garcia has submitted an expense/cost report that details the out-of-pocket costs. (*Id.* ¶ 3, Ex. D [Doc. 11-6].) Based on Ms. Garcia's declaration and the submitted exhibits, the Court also finds Capital is also entitled to an award of $21,163.11 in attorneys' fees and costs.

## IV.  CONCLUSION & ORDER

For the reasons discussed above, as well as in this Court's May 20, 2014 Default Judgement Order (*see id.*, 4:17–23, 5:1–6:9), the Court **ORDERS** judgment entered in favor of Plaintiff Capital Partners Funding , LLC, and against Plaintiffs BMG Logistics, Inc. and Brianna Goodwin, jointly and severally, as follows:

1. Monetary damages in the amount of $106,540.28;
2. Pre-judgment interest at the default rate of interest in the total amount of $81,503.31;
3. Attorneys' fees and costs in the amount of $23,181.64; and
4. Post-judgement interest in accordance with 28 U.S.C. § 1963.

**IT IS SO ORDERED.**

DATED: July 1, 2014

Hon. Thomas J. Whelan
United States District Judge